# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIANA MARTINEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-92 |
| | § | |
| DOLLAR TREE STORES, INC., | § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |
| | § | |

---

### DEFENDANT'S INDEX OF MATTERS BEING FILED

---

Pursuant to Local Rule CV-81, Defendant hereby attaches this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**    All State Court Return of Service:

- Executed return of service as to Dollar Tree Stores, Inc. served on filed June 4, 2021

**Exhibit 2:**    All State Court Pleadings:

- Plaintiff's Original Petition filed on June 4, 2021
- Defendant's Original Answer filed on June 29, 2021

**Exhibit 3:**    State Court Docket Sheet

**Exhibit 4:**    List of all counsel of record, including addresses, telephone numbers, and parties represented.



# Notice of Service of Process

**AST / ALL**
**Transmittal Number: 23301789**
**Date Processed: 06/04/2021**

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Diana Martinez vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Diana Martinez vs. Dollar Tree Stores, Inc. (11292005) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cameron County District Court, TX |
| **Case/Reference No:** | 2021-DCL-03343-D |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/04/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jorge A. Green<br>956-542-7000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**CITATION** – PERSONAL SERVICE – TRCP 99

# THE STATE OF TEXAS

## 2021-DCL-03348-D

| | | |
|---|---|---|
| Diana Martinez | § | IN THE  103RD DISTRICT COURT |
| VS | § | OF |
| Dollar Tree Stores, Inc. | § | CAMERON COUNTY, TEXAS |



TO    **Dollar Tree Stores, Inc.**
**Registered Agent**
**Corporation Service Company D/B/A CSC-Lawyers INCO**
**211 E. 7th Street Suite 620**
**Austin, TX  78701**

P5c-6008
6-4-21

**NOTICE TO DEFENDANT:   "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 103rd District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **June 04, 2021**, in the above entitled cause.

2021-DCL-03348-D                 Diana Martinez vs. Dollar Tree Stores, Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 4th day of June, 2021.

ATTORNEY:
**JORGE A. GREEN**
**24038023**
**(956)542-7000**
**34 S Coria St**
**Brownsville TX  78520**



**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520
Signed: 6/4/2021 9:26:15 AM

By: *Monica Hernandez*
**Monica Hernandez**, Deputy Clerk

| 2021-DCL-03348-D<br>103rd District Court | Diana Martinez vs. Dollar Tree Stores, Inc. |
| --- | --- |

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

NAME/ADDRESS FOR SERVICE

_____

_____

_____

_____

_____Officer

_____County, TX

By:_____Deputy

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____o'clock ___m and _____ County, Texas,
by delivering to each of the within named defendants in person, a true copy of this _____ with
the date of delivery endorsed thereon, together with the accompanying copy of the _____ at
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
| --- | --- | --- |
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
SERVING PETITION/COPY $_____
TOTAL:                  $_____

_____Officer

_____County, TX

By:_____Deputy

_____

AFFIANT

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is
_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____. 20_____.

_____
ID Number/Expiration of Certification

_____
Declarant/Authorized Process Server

FILED   6/4/2021 9:03 AM
2021-DCL-03348 / 54094972
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

2021-DCL-03348

CAUSE NO. _____

| | | |
|---|---|---|
| DIANA MARTINEZ | § | IN THE DISTRICT COURT |
| *PLAINTIFF,* | § | Cameron County - 103rd District Court |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DOLLAR TREE STORES, INC. | § | |
| *DEFENDANT.* | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

*Comes Now* Diana Martinez, hereinafter referred to as Plaintiff, complaining of and about Dollar Tree Stores, Inc., hereinafter referred to as Defendant, and for causes of action files this Plaintiff's Original Petition. In support thereof, Plaintiff respectfully shows unto the Court the following:

### A.  TRCP 47 Disclosure and Discovery Control Plan

1.1     Plaintiff seeks monetary relief of $250,000.00 or less. *Tex.R.Civ.P. 47.* More specifically, Plaintiff seeks monetary relief not to exceed $75,000.00.

1.2     Plaintiff intends to conduct discovery under Level 1 of the Tex. R. Civ. P., as provided for in Tex. R. Civ. P. 169 for expedited actions.

### B. Parties and Service

2.1     Plaintiff Diana Martinez is an individual residing in Cameron County, Texas.

2.2     Defendant Dollar Tree Stores, Inc. is a Foreign For-Profit Corporation in existence, registered with the Texas Secretary of State to do business in Texas. Defendant may be served with process by serving its registered agent for service of process,

Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701.Citation is requested at his time. Plaintiff will serve Defendant through a private civil process server.

## C. Jurisdiction and Venue

3.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

3.2     This Court has *in personam* jurisdiction over the Defendant because, at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed, the Defendant was a resident of Texas, and/or was organized under the laws of Texas, and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas, and/or maintained a principal place of business in Texas, and/or maintained a registered agent in Texas, and/or was doing business in Texas, and/or solicited business in Texas from Texas residents, and/or marketed and advertised in Texas to Texas residents, and/or contracted in Texas with Texas residents, and/or committed torts in whole or in part in Texas, and/or recruited Texas residents for employment, and/or maintained continuous and systematic contacts with Texas, and/or is generally present in Texas, and/or otherwise has the requisite minimum contacts with Texas, has purposefully availed itself of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

3.3     This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the Court's jurisdictional limits.

3.4     Venue is proper in Cameron County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas.

### D. Facts

4.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

4.2     On or about September 19, 2019, Plaintiff suffered injuries and other damages when she slipped and fell on a plastic clip from a Hallmark display board on the floor at Dollar Tree Store located at 2109 W. Lincoln Avenue  Harlingen, Texas 78552.

### E. Causes of Action

5.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

### Count One - Premises Liability

5.2     At all times material hereto, Defendant Dollar Tree Stores, Inc. was the owner and/or possessor and/or operator of the premises at 2109 W. Lincoln Avenue  Harlingen, Texas 78552.

5.3     Defendant and/or its agents and/or its servants, and/or its employees knew or should have known of an unreasonably dangerous condition. Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiff of the condition at the premises, or to otherwise make the premises safe. This condition existed despite the fact that Defendant or Defendant's agents, and/or servants, and/or employees knew or should have known of the existence of the

aforementioned condition and that there was likelihood of a person being injured, as occurred to Plaintiff.

5.4     At all times pertinent herein, Defendant, and any of Defendant's agents, and/or servants, and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward Plaintiff in:

a)     Failing to maintain the premises in reasonably safe condition;

b)     Failing to give adequate and understandable warnings to Plaintiff regarding the unsafe condition of the premises;

5.5     Plaintiff was an invitee on the premises at the time of her injuries and other damages.  At the time of the injury (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the  owner and/or possessor and/or operator knew or reasonably should have known of the condition; (3) owner and/or possessor and/or operator failed to exercise ordinary care to protect the invitee from danger; and (4) owner's and/or possessor's and/or operator's failure was a proximate cause of the injury to the invitee.

## F. Prayer

11.1     *Wherefore, premises considered,* Plaintiff Diana Martinez, respectfully prays that Defendant be cited to appear and answer herein, and that she ultimately have judgment against Defendant for the following:

a.     Physical pain in the past and future;

b.     Mental anguish in the past and future;

c.     Physical impairment in the past and future;

d.      Medical expenses in the past and future;

e.      Lost wages;

f.      Costs of suit;

g.      Pre-judgment and post-judgment interest; and

h.      All other relief, at law or in equity, to which Plaintiff may be justly

        entitled.

                              Respectfully submitted,

                              **THE GREEN LAW FIRM, P.C.**
                              34 S. Coria St.
                              Brownsville, Texas 78520
                              (956) 542-7000 Tel.
                              (956) 542-7026 Fax

                              By: */s/ Jorge A. Green*
                                    JORGE A. GREEN
                                    State Bar No. 24038023
                                    jorge@thegreenlawfirm.com
                                    LETICIA GARZA
                                    State Bar No. 24092405
                                    lety@thegreenlawfirm.com
                                    DAVID M. ROERIG
                                    State Bar No. 24060513
                                    david@thegreenlawfirm.com

                              ***ATTORNEYS FOR PLAINTIFF***

FILED 6/29/2021 8:34 AM
2021-DCL-03348 / 54868526
LAURA PEREZ-REYES
Cameron County District Clerk
By Adriana Munoz Deputy Clerk

CAUSE NO. 2021-DCL-03348

| | | |
|---|---|---|
| DIANA MARTINEZ, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DOLLAR TREE STORES, INC., | § | |
| | § | |
| DEFENDANT. | § | 103rd JUDICIAL DISTRICT |

## DEFENDANT DOLLAR TREE STORES, INC.'S
## ORIGINAL ANSWER

### I.   GENERAL DENIAL

1.      Defendant denies each and every, all and singular, material allegations contained within the pleadings and any amendments or supplements thereto of Plaintiff Diana Martinez and demands strict proof thereof.

### II.   INFERENTIAL REBUTTAL INSTRUCTIONS

2.      Defendant assert the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

      a.      **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as alleged by Plaintiff were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to the Defendant, that destroyed any causal connection between the alleged acts or omissions of the Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

b.   **Sole Proximate Cause**. The act(s) or omission(s) of another person, including Plaintiff or another entity was the sole cause of the damages alleged by Plaintiff.

c.   **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendant.

## III.  AFFIRMATIVE DEFENSES

3.   By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

a.   **Statute of limitations.**  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

b.   **Comparative Negligence-Responsibility.**  Defendant would show that the negligence of Plaintiff and one or more third parties and/or one or more Co-Defendant was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is/are barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would further show Defendant is/are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendant who caused, contributed or was responsible for the injuries and damages alleged by Plaintiff.

c.   **Responsible Third Parties.**  Pleading further and in the alternative, without waiving the foregoing, Defendant asserts that the occurrence in question

and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is/are legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complain/complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant. Also, regarding other parties' causation of Plaintiff's injuries, Defendant's liability must be reduced, and if Defendant are found to be jointly and severally liable, Defendant is/are entitled to a judgment for contribution from these other parties.

d.   **Failure to Mitigate**.   Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has/have failed to take the reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

e.   **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

f.   F**ailure to Submit Medical Bills to Medical-Insurance Provider.** Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is/are covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

g.   **Credit/Offset**. Defendant is/are entitled to a credit or offset for all monies or consideration paid to or on behalf of Plaintiff by virtue of any type or

form of settlement agreement entered into by and between Plaintiff, payments made to and on behalf of Plaintiff under Defendant's Work Injury Benefit Plan, and any settling person, responsible third-party or any other person or entity not a party to this lawsuit. Defendant claims and is/are entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105. Thus, Defendant assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

h.    **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove Plaintiff's  alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendant request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is/are subject to federal and state income taxes.

i.    **Damages Bars and Limitations.**  Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the Tex. Civ. Prac. & Rem. Code Ch. 41 and other applicable law.

j.    **Reservation of Rights.** Defendant hereby gives notice Defendant intends to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend its Answer to assert such defenses.

## IV. TEX. R. CIV. P.193.7 NOTICE

4.      Pursuant to Tex. R. Civ. P. 193.7, Defendant hereby gives actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V.   TEXAS RULE OF EVIDENCE 609(f) REQUEST

5.      Defendant requests that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VI.  JURY DEMAND

6.      Defendant demands a trial by jury and tenders the applicable jury fee with its Answer.

## VII.      RELIEF REQUESTED

7.      Defendant requests:

   a.      Plaintiff take nothing by this lawsuit;

   b.      Defendant go hence with its costs (i.e., its costs be taxed against Plaintiff) without delay; and

   c.      for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027
713.487.2000 / Fax 713.487.2019

*/s/ Kevin Riley*
Kevin P. Riley
Texas State Bar No. 16929100
Southern District of Texas No. 13776
kriley@mayerllp.com

Harry L. Laxton Jr.
Texas State Bar No. 12061762
New York Registration No. 5447776
Southern District of Texas No. 906711
hlaxton@mayerllp.com

**ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.**

## CERTIFICATE OF SERVICE

I am causing, on June 29, 2021, this document to be served on all counsel of record and pro se parties in compliance with the applicable Rules of Civil Procedure.

*/s/ Harry Laxton Jr.*
Harry Laxton Jr.

## Case Information

2021-DCL-03348 | Diana Martinez vs. Dollar Tree Stores, Inc.

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| 2021-DCL-03348 | 103rd District Court | Leal, Janet |
| File Date | Case Type | Case Status |
| 06/04/2021 | Other Injury or Damage | Pending |

## Party

**Plaintiff**
Martinez, Diana

Address
34 S. Coria
Brownsville TX 78520

Active Attorneys ▾

Lead Attorney
GREEN, JORGE A.
Retained

Attorney
Garza, Leticia
Retained

Attorney
ROERIG, DAVID M.
Retained

**Defendant**
Dollar Tree Stores, Inc.

Address
Registered Agent
Corporation Service Company D/B/A CSC-Lawyers INCO
211 E. 7th Street, Suite 620
Austin TX 78701

Active Attorneys ▾

Lead Attorney
RILEY, KEVIN P.
Retained

## Events and Hearings

06/04/2021 Original Petition (OCA) ▾

Comment
Plaintiff's Original Petition

06/04/2021 Efiled Original Petition Document ▾

Comment
Plaintiff's Original Petition

06/04/2021 Citation Issued

06/04/2021 Clerks Journal ▾

Comment
Citation was sent to Attorney via email (VSERNA@thegreenlawfirm.com) -M.H.

06/04/2021 Citation ▾

Served
06/04/2021

Anticipated Server
Civil Process Server

Anticipated Method
In Person
Actual Server
Civil Process Server

Returned
06/08/2021

06/08/2021 Service Return ▾

Service Return- Affidavit SERVED

Comment
Service Return- Affidavit SERVED

06/29/2021 Original Answer ▾

Comment
Defendant Dollar True Stores, Inc.'s Original Answer

06/29/2021 Jury Fee Paid (OCA) ▾

> Comment
> Defendant Paid Jury Fee

07/01/2021 Motion ▾

Plaintiff's Motion for Trial Setting

> Comment
> Plaintiff's Motion for Trial Setting

07/01/2021 Order Setting Hearing ▾

Order Setting Hearing

| Judicial Officer | Comment |
| --- | --- |
| Leal, Janet | Order Setting Hearing |

07/01/2021 Journal Entry ▾

> Comment
> Order Setting Hearing TDCC signed. JLL/jm

08/17/2021 Docket Control Conference (telephonic) ▾

Judicial Officer
Leal, Janet

Hearing Time
1:30 PM

Comment
1:30PM

## Financial

Martinez, Diana

| | | |
| --- | --- | --- |
| Total Financial Assessment | | $315.00 |
| Total Payments and Credits | | $315.00 |
| | | |
| 6/4/2021 | Transaction Assessment | $315.00 |

| 6/4/2021 | E-File Electronic Payment | Receipt # 2021-10536 | Martinez, Diana | ($315.00) |

Dollar Tree Stores, Inc.

| Total Financial Assessment | $40.00 |
| Total Payments and Credits | $40.00 |

| 6/29/2021 | Transaction Assessment | | | $40.00 |
| 6/29/2021 | E-File Electronic Payment | Receipt # 2021-12398 | Dollar Tree Stores, Inc. | ($40.00) |

## Documents

Service Return- Affidavit SERVED

Plaintiff's Motion for Trial Setting

Order Setting Hearing

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIANA MARTINEZ,<br> *Plaintiff*, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 1:21-CV-92 |
| DOLLAR TREE STORES, INC.,<br> *Defendants*. | § <br> § <br> § <br> § | JURY TRIAL DEMANDED |

### COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1) A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

  *Plaintiff*  Diana Martinez

  *Defendant*  Dollar Tree Stores, Inc.

  The removed case is currently pending.

(2) A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

  See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A*."

(3) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| JORGE A. GREEN<br>State Bar No. 24038023<br>jorge@thegreenlawfirm.com<br>LETICIA GARZA<br>State Bar No. 24092405<br>lety@thegreenlawfirm.com<br>DAVID M. ROERIG<br>State Bar No. 24060513<br>david@thegreenlawfirm.com<br>The Green Law Firm, P.C.<br>34 S. Coria St.<br>Brownsville, Texas 78520<br><br>*Counsel for Plaintiff*<br>**Diana Martinez** | **MAYER LLP**<br>Kevin P. Riley<br>Southern District of Texas No. 13776<br>State Bar No. 16929100<br>Harry L. Laxton Jr.<br>Southern District of Texas No. 906711<br>State Bar No. 24093092<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas   77027<br>Telephone:  713-487-2000<br>Facsimile:  713-487-2019<br>Email: kriley@mayerllp.com<br>hlaxton@mayerllp.com<br><br>*Counsel for Defendant*<br>DOLLAR TREE STORES, INC. |

(4)    A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant has requested a trial by jury.

(5)    The name and address of the court from which the case is being removed.

103rd District Court of Cameron County, Texas

Honorable Janet L. Leal

974 E. Harrison St.

Judicial Building 3rd Floor

Brownsville, Texas 78520

T: 956.544.0844